UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**MARCUS J. WILLIAMSON**              **DOCKET NO. 6:22-cv-1274**
                                                                **SECTION P**

**VERSUS**                                            **JUDGE ROBERT R. SUMMERHAYS**

**CARENCRO, ET AL**                        **MAGISTRATE JUDGE HANNA**

## MEMORANDUM ORDER

Before the Court is the plaintiff's notice of change of address, received on July 11, 2022 (doc. 6), reflecting that plaintiff has been released from custody.

The PLRA requires that all prisoners who bring a civil action pay the full filing fee for that action. See 28 U.S.C. § 1915(b)(1).[1] Under the PLRA, prisoners may not file an action or an appeal without prepayment of the filing fee in some form. *Gay v. Tex. Dep't of Corr. State Jail Div.*, 117 F.3d 240, 241 (5th Cir. 1997) (citing § 1915(b)(2)). A prisoner who is granted leave to proceed in forma pauperis must still pay the filing fee but is allowed to pay it in installments that are withdrawn from his inmate trust account by the prison facility and forwarded to the court. The provision of the PLRA that allows for payments of the filing fee in installments only applies while the prisoner remains in custody.[2] See 28 U.S.C. § 1915(b)(2).

---

[1] A $52 administrative fee is assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed in forma pauperis. Where a prisoner plaintiff has been granted leave to proceed in forma pauperis, only the $350 filing fee will be deducted from the prisoner's account. The $52 administrative fee will not be deducted.

[2] The Fifth Circuit has upheld the constitutionality of the PLRA and its fee provisions. See *Miller v. Harris County, Texas*, No. 10-20047, 2010 WL 3824231, *2 (5th Cir. Sept. 23, 2010) (per curiam); *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997).

The plaintiff is no longer in any jail or prison facility. Because he was in custody when he filed this lawsuit, however, he remains subject to the provisions of the PLRA, which requires full payment of the filing fee. *See Gay*, 117 F.3d at 241-42; see also *Hatchet v. Nettles*, 201 F.3d 651, 654 (5th 2000) (a prisoner proceeding IFP is obligated to pay the full filing fee upon the filing of a complaint). Because he has now been released, the plaintiff must pay the full filing fee before this action may proceed further. See 28 U.S.C. § 1915(b)(1).

The plaintiff must pay the full $402 filing fee within fourteen (14) days from the date of this order. If he does not, this action may be dismissed without prejudice[3] under Federal Rule of Civil Procedure 41(b) without further notice. *See Mabry v. TDCJ,* No. 4:10CV520, 2013 WL 4522684, at *1 (dismissing prisoner lawsuit under Rule 41(b) for failure to pay the remainder of the filing fee after his release from prison); *Kohoutek v. Dallas County Sheriff's Dept.,* No. 3:10-CV-1780-B, 2010 WL 4721347 (N.D. Tex. Oct. 29, 2010) (same), rec. adopted, 2010 WL 4721350 (Nov. 19, 2010).

THUS DONE AND SIGNED in Chambers this 28th day of July, 2022.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[3] "Without prejudice" indicates that the dismissal itself will not prevent the plaintiff from litigating the same claims in a later-filed action.