UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MARCUS J. WILLIAMSON** | **DOCKET NO. 6:22-cv-1274**<br>**SECTION P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **POLICE DEPT. OF CARENCRO, ET AL** | **MAGISTRATE JUDGE AYO** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Marcus J. Williamson, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on May 11, 2022. Doc. 1. On August 12, 2022, he was ordered to amend his complaint to address deficiencies outlined by the Court and to dismiss claims that could not be cured through amendment. (Rec. Doc. 8). Plaintiff filed an Amended Complaint on October 4, 2022. (Rec. Doc. 12).

Plaintiff names the following as defendants: (1) Police Dept. of Carencro; (2) Keith Thibeaux.; (3) David Anderson; (4) Mark Garber; (5) Michael Milazzo; (6) Michael Darbonne; (7) Andrea Pattison; and (8) R. Green.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons, **IT IS RECOMMENDED** that plaintiff's claims be **DISMISSED WITH PREJUDICE**.

I.     BACKGROUND

Williamson's Original Complaint contains no factual allegations. Rather, he simply lists the following: "Perjury. Defamation of character. Mental pain, anguish. False imprisonment. Lost

(sic) of family time. Lost wages. Lost (sic) of my hair. Wrong accused. Hate crime. Trauma." (Rec. Doc. 1, p. 3).

Plaintiff was ordered to amend his complaint to comply with Rule 8. (Rec.Doc. 8). Specifically, he was ordered to state: (1) the name(s) of each person who allegedly violated plaintiff's constitutional rights; (2) a description of what actually occurred or what each defendant did to violate plaintiff's rights; (3) the place and date(s) that each event occurred; and (4) a description of the alleged injury sustained as a result of the alleged violation. *Id*. at p. 3. Moreover, he was ordered to provide facts to support a claim for physical injury before the Court could consider any claims of mental pain, trauma, or defamation of character. *Id*. at pp. 3-4. He was further ordered to clarify whether there has been an adjudication of the criminal charges that comprise the basis of this complaint before the Court could consider his vague claims of "false imprisonment" based on "perjury," of being "wrongly accused" of a hate crime, lost wages, lost family time and lost hair. *Id*. at p. 4. Finally, to the extent that plaintiff seeks to name a supervisory official as a defendant, he was ordered to allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by that defendant. *Id*. at p. 6.

In his Amended Complaint, plaintiff provides two dates upon which he was arrested and the name of the arresting officer in one of the incidents. (Rec. Doc. 12, p. 6). He also states that during these arrests he was "maced[,] tased and beat." *Id*. Other than these facts, he provides no allegations to support his claims.

## II. LAW AND ANALYSIS

### A. *Frivolity Review*

Williamson has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides

for *sua spont*e dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. Application

Plaintiff was previously advised that to state a claim under Section 1983, he must allege a violation of rights secured by the Constitution and laws of the United States and, further, must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42, 48, 108 (1988). Further, to state a claim pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a plaintiff's allegations must present "enough facts to state a claim to

relief that is plausible on its face," which means that "[f]actual allegations must be enough to raise a right to relief above the speculative level;" "labels and conclusions ... will not do." *Twombly*, 550 U.S. at 555-56, 570; *see* FED. R. CIV. P. 8(a) (stating pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"). A conclusory complaint, or one that fails to state material facts, may be dismissed for failure to state a claim. *See Rios v. City of Del Rio*, 444 F.3d 417, 426 (5th Cir. 2006).

As in his previous complaints (Rec. Docs. 1, 8), plaintiff's Amended Complaint (Rec. Doc. 12) is vague and lacks coherence. Plaintiff appears to allege violations by the defendants in connection with a February 24, 2019, arrest and a July 26, 2020 arrest. However, despite being asked to amend his complaint to comply with Rule 8 by clearly stating a description of what each defendant did to violate his rights, a description of the alleged injury sustained, and to clarify whether there has been an adjudication of the criminal charges that comprise the basis of his allegations (Rec. Doc. 8, p. 4), he failed to do so. He also failed to allege any facts to demonstrate personal involvement or the implementation of unconstitutional policies by any supervisory defendant. As a result, his Amended Complaint is deficient in the same respects as his initial Complaint.

### III. CONCLUSION

Therefore,

**IT IS RECOMMENDED** that the civil rights complaint filed on behalf of Marcus J. Williamson be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim on which relief can be granted, under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation

to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

THUS DONE in Chambers on this 11th day of July, 2023.

_____
David J. Ayo
United States Magistrate Judge